UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE HAGEMAN, | ) | CASE NO. 1: 19-cv-02839 |
| Plaintiff | ) ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | |
| LORAIN CITY SCHOOL DISTRICT, | ) ) | **DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND** |
| Defendant | ) | **AWARD ATTORNEYS' FEES** |

Defendant hereby moves for enforcement of its settlement agreement reached with Plaintiff. This case was settled over four months ago and subsequently memorialized in a written Settlement Agreement. Counsel for Defendant has repeatedly implored Plaintiff to carry out her obligations under the Settlement Agreement, to no avail. Defendant therefore requests the following immediate relief:

(1) Enforcement of the Settlement Agreement by order for specific performance; and

(2) Attorney's fees for having to bring this motion.

A supporting brief and evidentiary material accompany this motion.

Respectfully submitted,

*/s/Giselle S. Spencer*
Giselle S. Spencer (0034604)
Robert J. McBride (0065422)
Kyle A. Wheeler (0099623)
ENNIS BRITTON CO., L.P.A.
6000 Lombardo Center, Ste. 120
Cleveland, OH 44131
Telephone: 216.487.6674
Facsimile: 216.674.8638
Email: gspencer@ennisbritton.com
rmcbride@ennisbritton.com
kwheeler@ennisbritton.com
*Attorney for Defendant, Lorain City School District*

1

## MEMORANDUM IN SUPPORT

**Factual Background**

Prior to the commencement of the deposition of Plaintiff on June 16, 2021, the parties engaged in extensive settlement discussions and ultimately reached an agreement to resolve the case that morning. In reliance upon the agreement, the deposition was canceled.

Defendant circulated a Settlement Agreement, and the parties negotiated the specifics and the terms. In an email dated July 29, 2021, counsel for Plaintiffs acknowledged receipt of the agreement and "made one minor change." Ex. A. A few days later, on August 3, 2021, counsel for Defendant acknowledged the existence of a deal writing:

> We should go with the check just being written to the firm. Please send over the final agreement along with the letter so we can wrap this up. Thanks.

(Ex. B). That same day, counsel for Defendant sent a "final version" incorporating the suggested changes. (Id.) Subsequently, counsel interacted via telephone conferences resulting in a final agreement that was circulated on August 27, 2021. (Ex. C). Despite the agreement, Plaintiff has refused to execute the Settlement Agreement memorializing these terms. Plaintiff has not taken the position that an agreement has not been reached.

## LAW AND ARGUMENT

**I.   The parties have a binding Settlement Agreement.**

To form a binding agreement, the parties have to agree on all the material terms. *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988). A settlement agreement is essentially a contract, and state-law contract principles govern a federal court's enforcement of a settlement agreement. See *Limbright v. Hofmeister*, 566 F.3d 672, 674 (6th Cir. 2009); *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992). Plaintiff and Defendant agreed on the material terms of the settlement in the present case. The parties have an enforceable contract under Ohio law that this Court should enforce.

2

In the present case, it is a stretch to assert that all of the terms have not been agreed upon, let alone the material terms. Following the agreement reached on June 16, 2021, counsel for Defendant circulated a settlement agreement. An enforceable settlement agreement has been reached that should be enforced.

Assuming arguendo that all of the terms of the agreement have not been ironed out, an enforceable agreement still exists. In *Clark v. Corwin* (9th Dist. Summit), 2018-0hio-1169, the court noted:

> The Supreme Court of Ohio has recognized that "all agreements have some degree of indefiniteness and some degree of uncertainty. In spite of its defects, language renders a practical service. In spite of ignorance as to the language they speak and write, with resulting error and misunderstanding, people must be held to the promise they make." *Kostelnik v. Helper,* 96 Ohio St.3d 1, 2002 Ohio-2985, ¶17, 770 N.E.2d 58.... "If less essential terms are omitted from an agreement, they may be resolved by 'later agreement or judicial resolution.'" *Murra v. Farrauto,* 10th Dist. Franklin No. 16 AP-347, 85 N.E.3d 1231, 2017-Ohio-842, ¶16....

*Id.,* ¶14. *See also, Barstow v. O.U. Real Estate III, Inc* (4th Dist. Athens), 2002-Ohio-4989, ¶40; *Spero v. Project Lighting, L.L.C.* (11th Dist. Portage), 2013-Ohio-1294, ¶¶28-29 (affirming judgment entry that incorporated undisputed terms of the settlement agreement where disputed terms were not part of the original agreement).

In *Shanker v. Columbus Warehouse LTD Partnership,* 10th Dst. Franklin, WL 726786, the court observed:

> ...**The fact that not each and every term was decided on April 18, 1996 and the parties mutually assented to additional terms after the April 18, 1996 settlement agreement, does not mean there was no contract on April 18, 1996. (Internal citations omitted.) (A contract is binding and enforceable** if **it encompasses the essential terms of the agreement);** (internal citations omitted) (A party to an existing contract may modify that contract with the assent of the other party); (internal citations omitted) (Subsequent acts and agreements may modify the terms of the contract and unless otherwise specified, neither consideration nor writing is necessary.)

*Id.,* *4. (Emphasis added.)

3

In *Murra v. Farruato,* (10th Dist.), 2017-Ohio-842, 85 N.E.3d 1231, the parties agreed to terms which laid out the schedule of settlement payments. Plaintiff's counsel then sent a draft settlement agreement which contained additional terms to which defense counsel would not agree. The trial court ultimately issued an entry that resolved the less essential terms to which the parties could not agree. Plaintiff argued on appeal that the trial court erred by including settlement terms in the entry which Plaintiff had never proposed, negotiated or accepted. The 10th District disagreed, stating:

> **There is no dispute that the parties intended to be bound to the settlement agreement. The basic economic provisions of the terms of the settlement were stated on the record. The remainder of the settlement entry simply contains the "less essential terms" necessary to effectuate the conclusion of the matter.** There is absolutely nothing inconsistent between the transcript of the agreement between the parties and the settlement entry or release of claims. In short, it is not a "new" agreement but, rather, it is a written agreement that fully and accurately reflects the parties' agreement.

*Id.,* ¶18. (Emphasis added.)

Here, the parties agreed on the essential terms of the settlement which were then incorporated into the Settlement Agreement. In the weeks that have passed since that time, Plaintiff has given no indication that a settlement has not been reached.

### II. <u>Defendant is entitled to an award of attorney fees for having to enforce the parties' settlement agreement.</u>

As a result of Plaintiff's breach and failure to execute the settlement agreement and dismiss the case, Defendant has been harmed by having to incur the expense of filing this motion. In *Shanker v. Columbus Warehouse LTD Partnership, supra,* the court stated:

> The attorney fees that defendant incurred were for the direct result of the plaintiffs' breach of the settlement agreement. *Dalessio, supra.* (Noting that recovery of attorney fees as compensatory damages depend on a finding of a breach of contract.) It was sought as compensatory damages, not simply as costs of the action and the "American Rule" therefore does not apply. When a party breaches a settlement agreement to end litigation, and the breach causes the party to incur attorney fees in continuing litigation, those fees are recoverable as compensatory damages in a breach of settlement claim. Because defendant's attorney fees are attributable and were incurred as a result of plaintiffs' breach of the settlement

agreement, defendant is entitled to recover those fees in order to make whole and compensate him for the losses caused by the plaintiffs' breach. [Citation omitted.]

*Id.,* *5. *See also, Niederst v. Niederst,* 9th Dist. Summit, 2018-Ohio-5320, 128 N.E.3d 800.

Attorney's fees may also be awarded as a sanction for dilatory conduct. See 28 U.S.C. 1927.

Defendant's attorneys fees in preparing this motion are attributable to Plaintiff's breach of the settlement agreement. Defendant should be awarded attorney's fees to make it whole.

## CONCLUSION

Defendant respectfully requests the following immediate relief:

(1) Enforcement of the Settlement Agreement by order for specific performance; and

(2) Attorney's fees for having to bring this motion.

Respectfully submitted,

*/s/Giselle S. Spencer*
Giselle S. Spencer (0034604)
Robert J. McBride (0065422)
Kyle A. Wheeler (0099623)
ENNIS BRITTON CO., L.P.A.
6000 Lombardo Center, Ste. 120
Cleveland, OH 44131
Telephone: 216.487.6674
Facsimile: 216.674.8638
Email: gspencer@ennisbritton.com
rmcbride@ennisbritton.com
kwheeler@ennisbritton.com
*Attorney for Defendant, Lorain City School District*

## CERTIFICATE OF SERVICE

A copy of the foregoing has been electronically filed with the Court on October 28, 2021 and parties will be served via the Court's normal manner.

*/s/Giselle S. Spencer*
Giselle S. Spencer